IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**RYAN SCHMUCK**
1103 Ream Road
Rockwood, PA 15557                    **JURY TRIAL DEMANDED**

    Plaintiff,

v.                                    CASE NO.  3:23-cv-276

**PRIMECARE MEDICAL**
127 E. Fairview Street
Somerset PA 15501

    Defendant

## CIVIL ACTION COMPLAINT

AND NOW Plaintiff, Ryan Schmuck, by and through his undersigned counsel, files this Complaint alleging that his rights, pursuant to the Title VII of the Civil Rights Act of 1964, the Fair Labor Standards Act and applicable state and federal law have been violated and in support alleges the following:

### I.  PARTIES

1. Plaintiff, Ryan Schmuck, hereinafter ("Plaintiff" or "Mr. Schmuck"), is an adult individual with a mailing address of 1103 Ream Rd, Rockwood, PA 15557.

2. Defendant, Primecare Medical hereinafter ("Defendant") owns and operates a location at 127 E. Fairview Street, Somerset PA 15501, where Plaintiff was employed.

3. At all times material hereto, Defendant was Plaintiff's employer and acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

### II.  JURISDICTION

4. This action is instituted pursuant to the Title VII of the Civil Rights Act of 1964 and applicable federal law.

5. This Honorable Court has jurisdiction of this matter, case and controversy pursuant to 28 U.S.C. §§1331, 1343(a)(4) and 42 U.S.C. § 2000e-5(f).

6. Venue is proper in the Western District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims in this Judicial District.

7. Plaintiff exhausted his administrative remedies pursuant to the Equal Employment Opportunity Act. (See Exhibit "A," a true and correct copy of the Dismissal and Notice of Rights to Sue issued by the EEOC).

### III.   FACTS

8. On or about July 8, 2021, Primecare Medical hired Mr. Ryan Schmuck as a Registered Nurse their Dauphin County facility in Harrisburg, PA as a as needed nurse. He then transferred to the Somerset County location at 127 E. Fairview Street, Somerset, PA 15501, in July of 2022.

9. Mr. Schmuck performed all duties asked of him without any complaints or issues.

10. During his employment, Mr. Schmuck was subjected to harassment and discrimination which culminated in wrongful termination, on the basis of his sexual orientation.

11. Mr. Schmuck, who identifies as gay, experienced bullying from his boss and coworkers, especially from his co-worker Brenda LNU, related to his sexual orientation during his employment.

12. Mr. Schmuck brought these issues to the attention of his immediate supervisor, Cindy Showman, expressing his concerns about the mistreatment. Regrettably, his supervisor took no action, and dismissed the matter as something insignificant.

13. Feeling unsupported, Mr. Schmuck decided to escalate the situation by reporting the bullying to his supervisor's superior, Susan Woznichak. However, the response he received was disheartening, as he was simply told that the coworker's behavior was typical of that person. This lack of intervention left Mr. Schmuck disheartened and without any resolution.

14. In the following months, Mr. Schmuck continued to face additional challenges and retaliation for his reporting of the sexual orientation discrimination. After Mr. Schmuck reported the bullying, his boss created a video that she disseminated to Mr. Schmuck's entire staff and to the correctional officers at the jail. The video depicted Mr. Schmuck dancing in an elf costume. This video was embarrassing, humiliating and unwelcomed by Mr. Schmuck.

15. The retaliation continued to increase when his supervisor requested that Mr. Schmuck travel to Defendant's other locations, which were two to three hours away, without any compensation for his travel expenses or for the time spent commuting. Despite the increased commuting, Mr. Schmuck was still expected to fulfill his regular hours at Defendant's Somerset location.

16. Unfortunately, a few weeks later, Mr. Schmuck was suspended from his position through a text message, although it took three weeks for him to receive the formal letter of suspension. Then, Mr. Schmuck was terminated just two days later, leaving him feeling unfairly treated and wrongfully dismissed.

17. In light of these circumstances, it is clear that Mr. Schmuck has faced discrimination, retaliation, and ultimately, wrongful termination. He diligently reported instances

of bullying through email to his supervisor, boss, and even the coworker's supervisor, but no appropriate action was taken.

18.     It is important to note that Mr. Schmuck declined to report to the distant location, as Defendant told him that would not be compensated for the travel time. It was following this incident that he faced suspension, which was followed by termination after three weeks, citing his alleged failure to adhere to company policies.

19.     As a direct and proximate result of Defendant's conduct, Plaintiff sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages and earnings, as well as emotional distress, humiliation, pain and suffering, personal injury damages and other damages as set forth below.

### IV.     CAUSES OF ACTION

**COUNT I**
**DISCRIMINATION AND HARASSMENT BASED ON SEX – SEXUAL ORIENTATION, GENDER IDENTITY, GENDER EXPRESSION, GENDER NON-CONFORMITY, AND/OR GENDER STEREOTYPING – IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, U.S.C. § 2000e, et seq.**

20.     Plaintiff hereby incorporates by reference each and every paragraph above as if the same were set forth more fully at length herein.

21.     Plaintiff is a homosexual male and a member of the LGBTQ community.

22.     At all relevant times Plaintiff met the expectations and performed the job duties of the position he held for Defendants.

23.     Defendants were made aware of Plaintiff's sexual orientation during the course and scope of his employment.

24.     Plaintiff was discriminated against by the Defendants, as set forth above.

25.     Plaintiff suffered disparate treatment by the Defendants, as set forth above.

26.     As a proximate result of the Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

27.     This willful, intentional, and unlawful sexual orientation harassment and discrimination violates the laws and regulations of the United States, including without limitation, 42 U.S.C § 2000e, et seq. and requires the imposition of punitive damages.

28.     As a result of the conduct of the Defendant's management, Plaintiff demands punitive damages.

## COUNT II
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
## RETALIATION
## (42 U.S.C.A. § 2000e-3(a))

29.     Plaintiff hereby incorporates by reference each and every paragraph above as if the same were set forth more fully at length herein.

30.     At set forth above, Plaintiff disclosed his sexual orientation and complained about being harassed and discriminated against because of his sexual orientation and as such, Plaintiff was engaged in protected activity under Title VII of the Civil Rights Act.

31.     Defendant took adverse action against Plaintiff by terminating his employment.

32.     As set forth above, Plaintiff participation in protected activity was a motivating factor in Defendant's decision to terminate his employment.

33.     As such, Defendant's decision to terminate Plaintiff's employment is a retaliatory action prohibited by the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a)).

34. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

35. As a result of the conduct of Defendant, Plaintiff hereby demands punitive damages.

36. Pursuant to the Civil Rights Act of 1964, §704(a), 42 U.S.C. §2000e-3(a), et seq., Plaintiff demands attorneys' fees and court costs.

## COUNT III
## FAIR LABOR STANDARDS ACT–FAILURE TO PAY OVERTIME AND MINIMUM WAGES

37. Plaintiff re-alleges and incorporates by reference the preceding paragraphs above if as they were set forth herein verbatim.

38. At all times pertinent to this Complaint, Defendant was an "enterprise engaged in commerce or in the production of goods for commerce" as that term is defined by 29 U.S.C. § 203(s).

39. At all times pertinent to this Complaint, Plaintiff as an employee of Defendant was "engaged in commerce or in the production of goods for commerce" as that term is defined within 29 U.S.C. §207(a).

40. At all times relevant herein, Defendant was an "employer" of Plaintiff as that term is defined by 29 U.S.C. § 203(d) of the Fair Labor Standards Act.

41. Defendant failed to compensate Plaintiff for all hours during a workweek for which he was "employed" as that term is defined under 29 U.S.C. § 203(g) of the Fair Labor Standards Act.

42. Defendant employed Plaintiff for workweeks longer than forty hours without compensating Plaintiff at a rate of one and on-half times his regular rate of pay as required by 29 U.S.C. § 207(a).

43. Plaintiff is entitled to unpaid overtime compensation at the rate of one-and-a-half times their regular rate of pay for all hours worked in excess of forty hours in a workweek, liquidated damages in an equal amount, and his reasonable attorneys' fees and costs incurred in bringing this action pursuant to 29 U.S.C. § 216(b).

## COUNT IV
## FAIR LABOR STANDARDS ACT - RETALIATION

44. Plaintiff re-alleges and incorporates by reference the preceding above as if they were set forth herein verbatim.

45. Plaintiff complained about the pay practices of Defendant that was unlawful under the FLSA.

46. Plaintiff engaged in "protected conduct" by complaining about the FLSA violations alleged herein.

47. Defendant knew that Plaintiff was being retaliated against because he spoke up concerning the wage and hour violations.

48. Defendant did nothing to rectify the wage and hour violations that Plaintiff complained about.

49. Defendant willfully, intentionally, and unlawfully retaliated against Plaintiff based on his lawful complaints of wage and hour violations.

50. Defendant is liable for the acts of individual supervisors, managerial employees, and the acts of their agents.

51. Defendant is subject to individual liability pursuant to 29 U.S.C. §§203(e)(l) and 215(a)(3) for the retaliatory conduct.

52. Defendant discriminated against Plaintiff as a result of his protected conduct.

53. Defendant has willfully violated the anti-retaliation provisions of the FLSA, which prohibit "any person" from discharging or in any other manner discriminating against an employee because that employee has engaged in protected conduct. 29 U.S.C. § 215(a)(3).

54. As a result of Defendant's willful violations of the FLSA, Plaintiff is entitled to recover from Defendant for front-pay, back-pay, reasonable attorneys' fees and costs, disbursements of prosecuting this case, plus liquidated damages, and post-judgment interest.

## COUNT V
## PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW

55. Plaintiff re-alleges and incorporates by reference the preceding above as if they were set forth herein verbatim.

56. This count sets forth a claim arising pursuant to the PWPCL, 43 P.S. §§ 260.1, *et seq*. The PWPCL requires Defendant to timely pay full wages due to Plaintiff and provides statutory damages for the failure to timely pay all wages due.

57. Defendant is an "employer" as defined by PPWPCL.

58. Defendant willfully failed to pay Plaintiff all amounts of wages earned within the time limits set forth in PWPCL, 43 P.S. §§ 260.1, *et seq*.

59. Defendant failed to pay Plaintiff for all hours worked for the benefit of Defendant.

60. Plaintiff is entitled to wages and overtime based on all hours worked pursuant to the PWPCL.

## COUNT VI
## PENNSYLVANIA MINIMUM WAGE ACT

61. Plaintiff re-alleges and incorporates by reference the preceding above as if they were set forth herein verbatim.

62. This count sets forth a claim arising pursuant to the Pennsylvania Minimum Wage Act of 1968 ("PMWA"), 43 P.S. §§ 333.101, *et seq*.

63. The PMWA requires Defendant to timely pay full wages due to Plaintiff.

64. The PMWA provides statutory damages for the failure to timely pay all wages due.

65. Defendant willfully failed to pay Plaintiff all amounts of wages earned, including overtime, within the time limits set forth in the PMWA.

66. Plaintiff is entitled to wages and overtime based on all hours worked pursuant to the PMWA.

67. By failing to timely pay full wages and overtime, Defendant violated Plaintiff's rights protected by the minimum wage and overtime provisions of the PMWA, 43 P.S. § 333.104(a.1) and 43 P.S. § 333.113, and its implementing regulations.

68. As a result of Defendant's violations of the PMWA, Plaintiff is entitled to recover the amount of his unpaid wages, together with costs and reasonable attorneys' fees. PMWA, 43 P.S. §§ 333.113.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff, Ryan Schmuck demands judgement in his favor and against Defendant, Primecare Medical, in an amount in excess of $150,000.00 together with:

A. Compensatory damages for: including, but not limited to: emotional distress, pain and suffering, personal injury damages, economic loss, lost wages and benefits, lost future earnings and lost future earning capacity;

B. Punitive damages;

C. Treble damages;

D. Attorney's fees and costs of suit;

E. Interest, delay damages; and,

F. Any other further relief this Court deems just proper and equitable.

Date: <u>November 6, 2023</u>   **LAW OFFICES OF ERIC A. SHORE, P.C.**

BY:  <u>/s/ Mary LeMieux-Fillery, Esq.</u>
Mary LeMieux-Fillery, Esq.
PA ID No.  312785
1500 JFK Blvd., Suite 1240
Phhiladelphia, PA 19063
Telephone: 267-546-0132
Telefax: 215-944-6124
maryf@ericshore.com
*Attorneys for Plaintiff Ryan Schmuck*